## GENERAL EQUIPMENT COMPANY, APPELLANT, v. HARRY H. ZEIN ET AL., RESPONDENTS.

Decided March 22, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the appellant, *Jacob Lipman.*

For the respondent, *Feder & Rinzler.*

PER CURIAM.

This was an action in replevin. In September, 1928, the General Equipment Company sold by a conditional sales

agreement a steam shovel to the "Gordon Engineering Company, of Clifton, New Jersey, a New Jersey corporation." The agreement was signed, so far as the purchaser was concerned, by "Gordon Engineering Company, Dudley Gordon." It had attached to it an affidavit made by Dudley Gordon which contained a statement that he was the president of the Gordon Engineering Company, the purchaser of the steam shovel, and was familiar with its corporate seal, and that the same was affixed to the instrument as the voluntary act and deed of the corporation. Subsequent to the sale of this steam shovel under the conditional sales contract, the defendant Zein entered into the employ of Gordon, and the latter, having failed to pay him the compensation earned by him, agreed to turn over to him in discharge of his obligation this steam shovel. Gordon failed to do this, and then Zein sued out an attachment against the steam shovel. When the General Equipment Company learned of the situation, and also was informed that the alleged purchaser of the steam shovel had no legal existence—that is, that there was no such corporation as that named in the conditional sales contract as the purchaser—which was the fact, it brought the present action of replevin to recover the possession of the steam shovel. The case was tried before the court without a jury, and resulted in a finding in favor of the defendant Zein, principally upon the ground that the General Equipment Company had failed to file the conditional contract of sale within the ten days required by the statute.

It seems to us that this was erroneous. Gordon never had any title whatever to this steam shovel. He obtained possession of it through a fraud perpetrated by him upon the General Equipment Company; that is, by representing that he was acting for a corporation known as the Gordon Engineering Company, of Clifton, New Jersey, in negotiating the purchase. He completed the fraud by executing the conditional sales contract in the name of the corporation and falsely swearing that he was its president. In this situation, it seems to us, the General Equipment Company was

entitled, at any time after discovering the fraud and learning that it had sold the steam shovel to a non-existing purchaser, to retake possession thereof, and that the conditional sales statute has no relevancy to the present situation. If we are right in this view, then the trial court was in error in finding in favor of the defendant and directing judgment to be entered on such finding.

The defendant below, and the respondent here, claims that this matter is not properly before us because there was no exception taken to the refusal of the plaintiff's motion to direct a finding in its favor, and that, unless there was such exception, no appeal will lie. We think this contention is without merit. The case was tried in February, 1931, and at the close of the case there was a motion made by each party for a favorable finding. No action was taken upon these motions until April, when the court filed a memorandum holding that the motion of the defendant Zein should be granted and that a judgment should be entered in his favor. The principal ground of appeal is that the trial court erred in directing such a judgment to be entered instead of directing a judgment in favor of the appellant. In the case of *Smith* v. *Cruse,* 101 *N. J. L.* 82, the Court of Errors and Appeals held that where the trial court sits without a jury it cannot enter judgment for one party without finding in favor of that party, and that there is no requirement that the defeated party must have made a request for a finding of law or fact and excepted to an adverse finding in order to secure a reversal of the judgment, and that an appeal is given to him as a matter of right although he did not submit the grounds for objection to the trial court, where the objection relates only to the final judgment and not to alleged errors occurring in the proceedings on the trial.

For the reasons indicated, we conclude that the judgment under review should be reversed.