GEORGE S. STORM, as Administrator, etc., of THOMAS S. STORM, Deceased, Respondent, v. THE NEW YORK TELEPHONE COMPANY, Appellant.— Judgment in plaintiff's favor for $19,674.56 for negligently causing the death of plaintiff's intestate as a result of the fall of a telephone pole on which the deceased was working as an employee of the Westchester Lighting Company, and order, unanimously affirmed, with costs. There was a non-delegable duty owing by defendant to provide for safety on the pole or to make provision therefor to one rightfully using it. (*Murphy* v. *Rochester Telephone Co.*, 208 App. Div. 392; affd., 240 N. Y. 629; *Rose* v. *Missouri Dist. Teleg. Co.*, 328 Mo. 1009; 81 A. L. R. 400, and annotations, p. 415.) The telephone company could have placarded each pole, as is not infrequently done, and thereby brought home notice to the deceased personally, and the jury could find liability on this or a similar omission. Present — Lazansky, P. J., Young, Carswell, Scudder and Davis, JJ.

TACS REALTY CORPORATION, Appellant, v. GRANDON REALTY CORPORATION, Defendant, Impleaded with ST. JOHN PARKWAY CORPORATION and Others, Respondents.— Judgment dismissing complaint in an action for specific performance of a contract for the sale of real property or, in the alternative, for a return of the down payment unanimously affirmed, with costs. (*Haar* v. *Daly*, 232 App. Div. 423; *Eastman* v. *Horne*, 205 N. Y. 486; *Flanagan* v. *Fox*, 6 Misc. 132; affd. on opinion below, 144 N. Y. 706.) Present — Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ.

ALBERT A. VERRILLI, Respondent, v. GENERAL MOTORS ACCEPTANCE CORPORATION, Appellant.— Action in conversion to recover damages for a wrongful seizure in this State of an automobile sold by defendant's assignor in New Jersey under a conditional bill of sale to a person whose legal successor plaintiff claimed to be. Judgment, order denying motion for a new trial and order granting plaintiff's motion to amend the judgment *nunc pro tunc* reversed on the law and a new trial granted, costs to appellant to abide the event. In order to invoke the provisions of section 74 of the Personal Property Law, it was necessary for plaintiff to prove he was the legal successor of the conditional vendee. Plaintiff purchased the automobile in this State from one Mann or a corporation controlled by him. There was no proof that Mann or the corporation had any legal right or title to the automobile. Lazansky, P. J., Young, Scudder and Davis, JJ., concur; Carswell, J., not voting.