GENERAL MOTORS ACCEPTANCE CORPORATION, A CORPORATION, PLAINTIFF-APPELLEE, v. HENRY J. SCHWARTZ, DEFENDANT-APPELLANT.

Submitted October 6, 1936—Decided March 17, 1937.

Before Justices TRENCHARD, BODINE and HEHER.

For the defendant-appellant, *Harold Simandl.*

For the plaintiff-appellee, *Chivian & Chivian (Herman Chivian,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J. This is defendant's appeal from plaintiff's judgment in a replevin case, directed by the trial judge.

The following uncontroverted facts (among others) appear in the record:

On March 25th, 1935, the Hetzer Chevrolet Company, Incorporated, of 164 Fourth avenue, Brooklyn, New York,

sold the automobile in question to one Arthur Wallace under a conditional bill of sale, which contract was assigned to the plaintiff-appellee, General Motors Acceptance Corporation (hereinafter referred to as the plaintiff) and payment made therefor. On April 2d, 1935, a copy of the contract was filed in the office of the register of deeds for the county of Kings, borough of Brooklyn. On April 4th, 1935, two days thereafter, the conditional vendee, Arthur Wallace, contrary to the terms of the conditional sales contract, and without notice to, or permission of the plaintiff, the legal owner, executed an assignment to Thomas Garland in the same county, namely Kings. This assignment was offered in evidence by the defendant-appellant, Henry J. Schwartz (herein referred to as the defendant), and was admitted in evidence. It states "The Seller also certifies that he has owned the above described vehicle since March 25th, 1935, *until the date of this Bill of Sale*" namely *April 4th, 1935*. Thereafter, on April 5th, 1935, the Pace Auto Sales, a corporation, received the title papers for this car from Garland, a used car salesman, who admitted that he had been convicted of petty larceny upon his own confession and plea, and that he paid Arthur Wallace for the car before he got the bill of sale in this transaction, and did likewise in ten or fifteen similar transactions. Subsequently, on April 8th, 1935, the defendant purchased this car from the Pace Auto Sales. Thereafter plaintiff found the car in defendant's possession and brought this replevin action.

We find no fault with the direction of the verdict for the plaintiff.

Plaintiff was the lawful holder of the conditional sale contract by virtue of the assignment of the contract to it, and had a special property right therein sufficient to bring a replevin action. By that assignment the plaintiff became the legal successor in interest of the assignor and was entitled to every right the assignor would have had if the assignment had not been made. "One of these rights was the right to retake the motor vehicle in the event of a breach of the conditional sale agreement." *General Motors Acceptance Corp.* v. *Smith,* 101 *N. J. L.* 154.

The defendant seeks to invoke the influence of the protection of section 14 of the Conditional Sales act of New Jersey. *Pamph. L.* 1919, *p.* 466. But in order to invoke the protection of that section, the defendant must establish himself as the legal successor in interest of the conditional vendee.

In passing we point out that in the case of *Gayle Motor Co.* v. *Gray-Acree Motor Co.* (*Ala.*), 90 *So. Rep.* 334, the court, in considering a question arising under the Uniform Conditional Sales act, stated "as this statute was intended to protect such persons *only as claimed title from or under the conditional vendee,* defendants are therefore not shown to have been brought within the influence of its *protection.*"

In the present case the defendant attempted, but failed, to establish himself as the *"legal* successor in interest" of the original conditional vendee, in that the proof disclosed that Thomas Garland bought the vehicle in question in the county of Kings, New York, two days after a copy of the conditional sales contract had been filed with the register of that county. Therefore, pursuant to sections 61 and 65 of the New York Personal Property law, which was proven as a fact in this case, he (Garland) purchased with constructive notice of plaintiff's reservation of title, and of all the terms of the filed contract, one of which provided that the buyer "shall not remove same from the state without permission of seller; shall not transfer any interest in this contract or said property."

The pertinent provisions of section 14 of the New Jersey Conditional Sales act (*Pamph. L.* 1919, *ch.* 210, § 14) state:

"When, prior to the performance of the condition, the goods are *removed by the buyer* * * * from another state into a filing district in this state where such contract or copy is not filed, the reservation of the property in the seller shall be void as to purchasers and creditors described in section five, unless the conditional sale contract, or a copy thereof, shall be filed in the filing district to which the goods are removed, within ten days after the seller has received notice of the filing district to which the goods have been removed * * *."

Section 1 provides *inter alia:* " 'Buyer' means the person who buys or hires the goods covered by the conditional sale, or any *legal successor in interest of such person."*

*Black's Law Dictionary* (*2d ed.*) 708, defines "legal" as "conforming to the law; according to law; required or permitted by law; not forbidden ' or discountenanced by law; good and effectual in law."

In no sense of the word, therefore, could Garland be construed as a "legal successor in interest" of the conditional vendee, Wallace.

In the recent case of *Verrilli* v. *General Motors Acceptance Corp.,* 243 *App. Div.* 581; 276 *N. Y. S.* 308, the appellate court, interpreting a similar provision of the Uniform Conditional Sales act, said that one claiming as an innocent purchaser must "prove that he was the *legal successor of the conditional vendee."*

It was, therefore, the duty of the defendant to prove such a succession of interest as will show that he is the legal successor of the conditional vendee. We think he has not done so.

Furthermore, the defendant did not introduce into evidence any assignment from Garland to Pace Auto Sales, in conformance with section 5 of the act regulating the sale and purchase of motor vehicles (*Pamph. L.* 1919, *p.* 357), and Pace, therefore, did not give legal title to the defendant.

Section 5 of that act provides that in all sales or purchases of motor vehicles except those directly from the manufacturer or an agency thereof, the original bill of sale shall be assigned by the seller to the purchaser by an assignment with two witnesses thereto, and an acknowledgment by the seller, and where these conditions are not complied with, the purchaser does not acquire a *valid title. C. A. Oesterman* v. *King Auto Finance,* 111 *N. J. L.* 119. See, also, *Merchants Securities Corp.* v. *Lane* (*Court of Errors and Appeals*), 106 *Id.* 576, where it was said, "it does not appear, however, that the original bill of sale held by Lane was turned over to the company with his assignment thereof to it attached as required by the Motor Sales act. Therefore, as we have herein held, the Chandler-Newark Motors, Incorporated, did not have legal

title to the car which it could transmit to Chamberlain, or the appellant."

Moreover, we believe there was no removal within the intendment of section 14 of the New Jersey Conditional Sales act. The word "removal" in the New Jersey statute does not mean a mere bringing of the car (where *situs* was fixed in New York as was done by the contract) within the territorial limits of New Jersey. A removal to New Jersey, within the meaning of the statute, could only be accomplished by the buyer forming, first, an intent to remove the car to New Jersey, and, secondly, actually removing the car to some place in New Jersey which the buyer fixes as the New Jersey *situs* of the car. *Hare & Chase, Inc.,* v. *Tompkinson,* 120 *Atl. Rep.* 396; *Endler* v. *Commercial Credit Corp.,* 105 *N. J. L.* 474.

Arthur Wallace, the conditional vendee, certainly did not remove the car, for he sold it to Garland in the county of Kings, New York, on April 4th, 1935, two days after the conditional sales contract had been. filed in *that* county. Garland, having bought with notice to plaintiff's reservation of title, was not a *bona fide* purchaser. Therefore, he could not cause a "removal" as a "legal successor in interest," within the intendment of the act.

It is suggested in defendant's brief that Pace selling to the defendant "evidenced an intention to treat the car as a New Jersey motor vehicle." We think not. The evidence discloses that when, on April 8th, 1935, Pace sold the car to the defendant, he had knowledge that it was a "hot" car, and therefore, his intention, apparent and fulfilled, was to dispose of this "hot" car as soon, and for as large a profit, as possible.

Our Court of Errors and Appeals established the rule in *Endler* v. *Commercial Credit Corp.,* 105 *N. J. L.* 474, that where "there was no removal within the meaning of the Conditional Sales act, a re-recording was not necessary, as the rights of the defendant were not affected by the statute."

Upon the whole case, since there was no removal, and because the plaintiff's title as proven was uncontroverted, the direction of a verdict for the plaintiff was proper.

The judgment will be affirmed, with costs.