GENERAL MOTORS ACCEPTANCE CORPORATION, A BODY CORPORATE, PLAINTIFF-RESPONDENT, v. WILBUR BURGER, DEFENDANT-APPELLANT.

Submitted October term, 1936—Decided May 28, 1937.

Before Justices TRENCHARD, BODINE and HEHER.

For the appellant, *Harold Simandl.*

For the respondent, *Chivian & Chivian (Herman Chivian, Louis Chivian* and *Albert M. Neiss,* of counsel).

PER CURIAM.

This is a replevin suit. On April 4th, 1935, the Hetzer Chevrolet Company, whose place of business was in the borough of Brooklyn, in the State of New York, sold an automobile under a conditional sales agreement. The vendee was therein stated to be "Thomas Corbett," a resident of Brooklyn. Delivery of the vehicle, in accordance with the agreement, was made the following day. For a valuable considera-

tion, the vendor assigned the instrument to plaintiff. Concededly, defendant, in good faith and for value, purchased the automobile from the Big Bear Used Car Company, Incorporated, a licensed dealer of used automobiles, who purchased the car from one Garland.

On April 16th, 1935, the contract was filed in the register's office of the county of Kings, in the State of New York; and the plaintiff, having received subsequent to the assignment information that the vehicle had been removed to the city of Newark, in this state, and sold to someone residing there, caused the contract to be filed in the register's office of the county of Essex, in this state, on April 24th, 1935.

Upon the taking of the car from his possession, pursuant to the mandate of the writ, defendant filed a claim of property and tendered the statutory bond, whereupon the vehicle was returned to him.

There were cross-motions for a directed verdict. The District Court judge, conceiving that defendant had not "introduced any evidence which would require submission to the jury except the issue of value," awarded judgment to plaintiff for $325, the sum which defendant, "without prejudice," conceded was "the value of the car for the purpose of damages." Defendant maintains that the evidence presented a factual issue in respect of the right of possession of the vehicle, and that there were also erroneous evidentiary rulings to his substantial injury. We do not think so.

The evidence offered was not pertinent to the issue. Evidently, the purpose was to show a conspiracy to defraud the vendor, in which its agent participated. There was evidence that, at least so far as the sale was concerned, the named vendee, Corbett, was non-existent, and that defendant's witness, Ciancimino, who was convicted of larceny in a court of criminal jurisdiction in the State of New York as the result of his participation in the transaction, signed the name of Corbett to the agreement.

The case is governed by the principle enunciated in *General Equipment Co.* v. *Zein,* 10 *N. J. Mis. R.* 443; 159 *Atl. Rep.* 400; *affirmed,* 110 *N. J. L.* 23; 164 *Atl. Rep.* 20. Under the

doctrine of that case, the Conditional Sales act is not applicable. Title to the chattel did not pass out of plaintiff's assignor; and plaintiff succeeded to the rights of its assignor therein.

Moreover, we are of opinion that, assuming the title passed under the conditional sales contract, such rights as defendant had were subject to the reservation of title contained in the agreement. *General Motors Acceptance Corp.* v. *Schwartz,* 118 *N. J. L.* 25; 190 *Atl. Rep.* 625.

Judgment affirmed, with costs.