325 So.2d 708 (1976)
Robert A. AINSWORTH, III and Diane Delaney Ainsworth
v.
ASSOCIATION LIFE INSURANCE COMPANY, INC., and Professional Mass Marketing of American, Inc.
No. 7069.
Court of Appeal of Louisiana, Fourth Circuit.
January 13, 1976.
Rehearing Denied February 10, 1976.
Writ Refused March 16, 1976.
*710 Meunier, Martin & Meunier, Richard J. Meunier, New Orleans, for plaintiffs-appellees.
Schumacher, McGlinchey, Stafford, Mintz & Hoffman, Donald A. Hoffman and Frederick B. Alexius, New Orleans, for defendants-appellants.
Before SAMUEL, LEMMON, BOUTALL, SCHOTT and MORIAL, JJ.
LEMMON, Judge.
This is a suit for reimbursement of medical expenses allegedly covered by a group insurance policy. Defendants, the insurer and the corporation through which the policy was issued, have appealed from a judgment which awarded maximum benefits to plaintiffs, Mr. and Mrs. Robert Ainsworth.
When the policy was issued on April 15, 1972, Ainsworth was a member of the group to which coverage was extended, and he became a certificateholder under the policy. It is undisputed that Mrs. Ainsworth then qualified as a dependent under the terms and conditions of the policy and was covered by the policy.
On April 10, 1973 Mrs. Ainsworth obtained a judgment of separation from bed and board. The parties never reconciled thereafter. On May 14, 1973 Mrs. Ainsworth sustained severe injuries in an accident and thereafter incurred the medical expenses on which this suit is based.
Defendants denied the claim, contending that Mrs. Ainsworth's coverage under the policy had terminated prior to the accident. The determination of that contention is the only issue on appeal.

I
The pertinent policy provisions under "Definitions" include:
"Dependent' means
"(1) the Certificateholder's spouse not divorced or legally separated from the Certificateholder, * * *"
"Policy Month' means the period of consecutive days commencing on each premium due date and ending on the day before the next premium due date."
The pertinent policy provision under "Individual Terminations" is:
"All coverages of an Insured Person terminate upon the occurrence of either:
* * * * * *
"(4) the last day of the policy month coinciding with or next following his termination of membership in the classes eligible for insurance...."[1]
Since premiums were due on the 15th, the policy month commenced on the 15th day of each month and extended through the 14th day of the following month. Mrs. Ainsworth's membership in the class eligible for insurance under the terms of the policy terminated on April 10, during the policy month between March 15 and April 14.
As to the determination of the date Mrs. Ainsworth's coverage terminated, defendants *711 contend the policy clearly provided for individual coverage of an insured person to terminate on a specific daythe last day of the policy monthwhether that day coincides with or follows the day on which the person's membership in the class eligible for insurance terminates. Therefore, defendants argue that after Mrs. Ainsworth's membership in the class eligible for insurance terminated on April 10, her individual coverage under the policy terminated on the last day of the policy month next following the day of termination, or April 14.
The Ainsworths argue, on the other hand, that the policy provision governing individual terminations can reasonably be interpreted so that the phrase "coinciding with or next following" modifies "month" rather than "day", and that when an insurance policy is susceptible of more than one reasonable interpretation, rules of construction require adoption of that interpretation which is favorable to the insured.
In our opinion the Ainsworths' interpretation is not reasonable. Termination of membership necessarily occurs on a single day within a "policy month". Thus, while there is a "policy month" "coinciding with" termination of membership, it is always different from the "policy month" "next following" termination of membership. Stated otherwise, the day on which membership terminates always falls within a coincidental "policy month" and never falls within a "policy month" next following termination. Consequently, it would be absurd to construe the policy to provide for termination of coverage in either one "policy month" or the next following "policy month". A proposed interpretation of contractual language which would lead to absurd consequences must be rejected as unreasonable. C.C. art. 1945.
On the other hand, the "last day" (of the policy month) can either coincide with or follow the day of termination of membership. If the days coincide, coverage terminates on that day; if the days do not coincide, coverage terminates on the "next following" last day (of the policy month).
The Ainsworths argue, however, that the purpose of the individual termination clause is to provide a reasonable period of time within which the insured person whose coverage is terminated may obtain other insurance. They therefore argue defendants' interpretation of the clause is unreasonable, since only 24 hours is provided if the day of termination of the person's eligibility coincides with the last day of the policy month.
We do not believe it is reasonable to attribute that purpose to the termination clause. First, this clause does not involve a termination at the instance of the insurer (the policy provides for a 31-day notice when the insurer cancels); this involves a termination of coverage on account of termination of eligibility, an event over which the insurer exercises no control. Furthermore, if the purpose of the clause were to assure a reasonable minimum period for obtaining other coverage (say, thirty days), then that purpose would be more evident in a provision for termination of individual coverage thirty days after the day of termination of eligibility, or perhaps thirty days after the last day of the policy month coinciding with or next following termination of eligibility.
In our opinion the purpose of this particular individual termination clause is to achieve administrative uniformity and efficiency by having all coverages under that group policy terminate at the end of the month for which the premiums have been paid and collected.[2] See Crawford, Group *712 Insurance § 32 (1936). This purpose accords with the desire to facilitate accounting procedures by making all premiums fall due at the beginning of each policy month, covering the period through the end of that policy month, and by obverting the necessity for refunds when terminations of coverage occur during the policy month for which premiums have been collected.
We conclude that the phrase "coinciding with or next following" clearly modifies "day", and that Mrs. Ainsworth's coverage terminated under the terms of the policy on April 14.[3]

II
Plaintiffs next contend that since Mr. Ainsworth had until May 14 to file a suspensive appeal, Mrs. Ainsworth was not "legally separated" until after that date and was therefore covered by the policy on the day of the accident.
Plaintiffs' argument would perhaps pose an interesting question as to whether the appeal had the effect of vacating the judgment (if Mr. Ainsworth had appealed, and particularly if the judgment of separation had been reversed on appeal). However, these hypothetical facts did not occur, and that issue is not presented here.
While the judgment did not acquire the authority of the "thing adjudged" [C.C. art. 3556(31)] until the time fixed by law for appealing had elapsed, the parties became "legally separated" on that date within the meaning of the policy. The fact that the judgment which decreed their legal separation was appealable through May 14 does not change the date they became "legally separated", at least not under the facts of this case in which no appeal was in fact taken.

III
Plaintiffs further contend that the exclusion of a separated spouse from coverage is void as against public policy, since the husband owes his separated wife the duty of support.
Louisiana does not prohibit married men from procuring policies of hospitalization insurance covering only themselves and not their dependents, nor does the State prohibit insurers from writing such policies. Furthermore, we perceive no basis for a public policy either requiring hospitalization insurers to define dependents as those to whom the insured owes a legal obligation of support or requiring such insurers to only insure persons who also purchase coverage for those dependents to whom they owe support.
We therefore conclude that the policy provision terminating coverage of a legally separated wife is not void as against public policy.

IV
Finally, plaintiffs contend defendants, by accepting a premium for coverage of the entire Ainsworth family (including Mrs. Ainsworth and their five children) through the date of the accident, and by failing to return any portion of the premium after learning of the separation, are estopped to deny coverage.[4] There was no showing that defendants, prior to accepting the premium, had knowledge of the event which terminated Mrs. Ainsworth's coverage. Under the facts of this case, therefore, neither defendants' acceptance of the scheduled premium nor their failure to refund a partial premium (if a refund is due) can be deemed to *713 constitute a waiver of their right to plead termination of coverage, since knowledge of all relevant facts is essential to a determination that a party waived any rights.
For these reasons, the judgment of the trial court is reversed, and it is now ordered that plaintiffs' petition be dismissed, with each side bearing their own costs.
Reversed and rendered.
MORIAL, J., dissents and assigns reasons.
SCHOTT, J., dissents for the reasons assigned by MORIAL, J.
MORIAL, Judge (dissenting).
In my opinion the "Individual Terminations" clause of this adhesion contract of insurance is manifestly ambiguous and must be construed against the insurer.
NOTES
[1] "Insured Person" is defined in the policy as "either a Certificate-holder or a Dependent during the period he is insured under that benefit provision."
[2] This purpose of administrative uniformity is also evidenced by the policy provisions dealing with effective dates of insurance. An eligible person's coverage becomes effective on the "first of the Policy Month coinciding with or next following" the date he became eligible and enrolled. Thus, all coverages uniformly commence on the first day of the policy month and terminate on the last day of the policy month.
[3] April 14 also marked the end of the policy year. Therefore, even under plaintiffs' suggested reformation of the policy to consider policy year rather than policy month (based on the contention that Ainsworth paid annual premiums, although the evidence does not establish this fact), Mrs. Ainsworth's coverage still terminated on that date.
[4] We were informed in oral argument that the same premium for dependents applies regardless of the number of dependents although there was no evidence on this point.