571 P.2d 819

**Leslie Anne KAU, Plaintiff-Appellee,**

v.

**Ray BENNETT, d/b/a Bennett Tower Painting Company, and Employers Insurance of Wausau, Defendants-Appellants.**

**No. 2851.**

Court of Appeals of New Mexico.

Oct. 25, 1977.

As Amended Oct. 31, 1977.

R. E. Richards, Hobbs, for defendants-appellants.

Joel M. Carson, Losee & Carson, P. A., Artesia, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

The trial court awarded plaintiff, a widow, workmen's compensation benefits for the death of her husband pursuant to § 59–10–12.10 N.M.S.A. 1953 (2d Repl. Vol. 9, pt. 1). Defendants appeal. We affirm.

The only issue on this appeal is whether Leslie Anne Kau (Leslie) was legally entitled to be supported by Kenneth A. Kau (Kenneth), her deceased husband, at the time of his death.

Leslie and Kenneth were married in California on or about June 26, 1971. They were 18 and 19 years of age, respectively. They lived together as husband and wife until March 26, 1973, at which time Kenneth disappeared. His whereabouts were thereafter unknown until October of 1973 when Leslie was notified of his death. At the time of his death, he was employed in New Mexico. Leslie and Kenneth were not divorced, and Leslie did not abandon Kenneth nor remarry during his absence.

Defendants challenged two findings of fact:

16. That plaintiff and defendant were not . . . legally separated at the time of decedent's death.

.   .   .   .   .

18. That plaintiff was dependent upon the decedent for her support.

Section 59–10–12.10(B) reads:

As used in the Workmen's Compensation Act, . . . unless the context otherwise requires, the following persons, and *they only, shall be deemed dependents and entitled to compensation* under the provisions of the Workmen's Compensation Act:

.   .   .   .   .

B. The widow or widower, only if living with the deceased at the time of his death, *or legally entitled to be supported by him*, including a divorced spouse entitled to alimony. [Emphasis added]

Under this statute, Leslie was held to be a dependent and entitled to compensation if she was legally entitled to be supported by Kenneth.

What is meant by "legally entitled to be supported by him"?

The trial court found:

That both the law of California and the law of New Mexico at all times material to this cause required a husband to support his wife.

This finding was not challenged.

The word "legal" is defined in Black's Law Dictionary at 1038 (Rev. 4th ed. 1968):

LEGAL. 1. Conforming to the law; according to law; required or permitted by law; not forbidden or discountenanced by law; good and effectual in law. *Freeman v. Fowler Packing Co.*, 135 Kan. 378, 11 P.2d 276, 277; *General Motors Acceptance Corporation v. Schwartz*, 118 N.J.L. 25, 190 A. 625, 627.

See also, *Gates v. Gates*, 120 Vt. 505, 144 A.2d 782 (1958); *Lewis v. Holden*, 118 Vt. 59, 99 A.2d 758 (1953); 52 A C.J.S. Legal at 754 (1968).

■ "Legally entitled to support" means "entitled to support according to law." Inasmuch as the laws of California and New Mexico required Kenneth to support Leslie, Leslie was a dependent legally entitled to support.

■ The trial court's finding No. 18 "The plaintiff was dependent upon the decedent

**164**

for support" was superfluous. The statute does not provide that a wife must be "actually dependent" on her husband for support to recover compensation benefits. The version of the present § 59–10–12.10(B), supra, that was in effect before 1973 (Ch. 113, § 12(j)(2), 1929 N.M. Laws; Ch. 92, § 6, 1937 N.M. Laws) read in pertinent part:

> The following persons, and they only shall be deemed dependents and entitled to compensation under the provisions of this act.

. . . . .

> 2. The widow, only if living with the deceased at the time of his death, or legally entitled to be supported by him *and actually dependent* . . . . [Emphasis added]

The words "and actually dependent" were deleted by the 1973 amendment. Under the prior statute, "actually dependent" was an essential ingredient of recovery of workmen's compensation as a dependent widow. "[T]he widow must have been dependent in fact as well as in law." *Merrill v. Penasco Lumber Co.*, 27 N.M. 632, 633, 204 P. 72 (1922). This concept was based upon the theory that married women may not be entitled to support because they are not actually dependent upon their husbands for support. The legislature desired to, and did, remove this burden of proof from both the widow and the widower, and it did intend to relieve the survivor of the marriage of the duty of proving actual dependency.

Defendants rely on *Lauderdale v. Hydro-Conduit Corporation*, 89 N.M. 579, 555 P.2d 700 (Ct.App.1976). Here, there were three wives of a deceased employee. We are concerned only with Pat, the first wife. "Pat never claimed compensation benefits as a widow; there was no issue at trial concerning her purported common law marriage to Leyba [after deceased left her]." [89 N.M. at 583, 555 P.2d at 704]. Pat sought compensation for her children who were born of her marriage to the deceased husband. The reasons she did not seek compensation as a widow are stated in eloquent language and do not need a restate-

ment. *Lauderdale* does not support defendants' claim that compensation benefits be denied Leslie.

■ Defendants also claim that Leslie and Kenneth were "legally separated" at the time of Kenneth's death contrary to finding No. 16. For Leslie to be "legally separated" from Kenneth means "separated according to law." The word "separation" is defined in Black's Law Dictionary at 1530 (Rev. 4th ed. 1968):

> SEPARATION. In matrimonial law, a cessation of cohabitation of husband and wife by mutual agreement, or, in case of "judicial separation," under the decree of a court. *Woodruff v. Woodruff*, 215 N.C. 685, 3 S.E.2d 5, 6.

■ Leslie and Kenneth were not "legally separated." "When a husband abandons his wife without justifiable cause, or separates himself from her and refuses or neglects to maintain and provide for her, a judgment of separate maintenance may be entered . . . ." *Weinkrantz v. Weinkrantz*, 129 N.J.Super. 28, 322 A.2d 184, 187 (1974). Even a decree of separate maintenance does not constitute a "legal separation," *Rafal v. United States*, 267 F.Supp. 61 (D.Del.1967), but a judgment of separation from bed and board does constitute a "legal separation." *Ainsworth v. Association Life Insurance Co., Inc.*, 325 So.2d 708 (La.App.1976).

■ When Kenneth disappeared, Leslie remained legally entitled to support. Leslie and Kenneth were not legally separated.

Affirmed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.

## AMENDMENT TO OPINION

SUTIN, Judge:

■ Having overlooked an award of attorney fees to plaintiff for services rendered in this appeal by plaintiff's attorney, the opinion rendered and filed is hereby amended to include therein the following:

Plaintiff is awarded the sum of $1,750.00 for services rendered by her attorney in the appeal to this Court.

HERNANDEZ and LOPEZ, JJ., concur.