PILOT LIFE INSURANCE
COMPANY, Appellant,

v.

Lawrence KOCH, Appellee.

No. 5620.

Court of Civil Appeals of Texas,
Eastland.

May 28, 1981.

Rehearing Denied June 25, 1981.

Wayne Prescott, Brown, Maroney, Rose, Baker & Barber, Austin, for appellant.

Malcom C. Smith, Smith & Coffman, Austin, for appellee.

RALEIGH BROWN, Justice.

This is a declaratory judgment case. Pilot Life Insurance Company sought a judgment declaring that it had no duty to pay life insurance proceeds to Lawrence A. Koch because of the death of his wife. Pilot Life had issued a policy of group insurance to Koch's employer. The policy afforded life insurance coverage for em-

ployees and their eligible dependents. Eligible dependents were defined to include "your husband or wife, unless you were legally separated or divorced." Pilot Life alleged that Mr. and Mrs. Koch were legally separated on the date of her death. Koch filed a counterclaim seeking the policy proceeds of $5,000, 12% penalty and reasonable attorney's fees. The jury found that Mr. and Mrs. Koch were separated at the time of her death. Although that separation was pursuant to a "temporary" court order entered in the pending divorce proceedings between Mr. and Mrs. Koch, the trial court entered judgment for Koch notwithstanding the verdict on the theory that under Texas law there is no status of legal separation of a husband and wife before the marriage is dissolved by a decree of divorce. Pilot Life Insurance Company appeals. We affirm.

In three points of error Pilot Life contends that the trial court erred in granting judgment notwithstanding the verdict because the evidence established that Mr. and Mrs. Koch were separated pursuant to an order of a district court and thus they were legally separated on the date of Mrs. Koch's death; and, were, therefore, legally separated within the contemplation of the policy. Pilot Life also urges that the trial court erred in ruling, as a matter of law, that Mr. and Mrs. Koch were not legally separated on the date of Mrs. Koch's death.

■ A judgment non obstante veredicto can be upheld on appeal when a directed verdict would have been proper. *Brownsville & Matamoros Bridge Company v. Null*, 578 S.W.2d 774 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n. r. e.); *Henderson v. Sims*, 591 S.W.2d 593 (Tex.Civ.App.—Tyler 1979, no writ); *Villarreal v. Boggus Motor Company*, 471 S.W.2d 615 (Tex.Civ.App.—Corpus Christi 1971, writ ref'd n. r. e.). Moreover, a special issue finding may be disregarded if it is immaterial or has no support in the evidence. *Eubanks v. Winn*, 420 S.W.2d 698 (Tex.1967).

Mr. and Mrs. Koch separated and began living apart on December 23, 1977. On March 23, 1978, Mrs. Koch filed suit for divorce. Temporary orders were entered on March 24, 1978, in the district court of Travis County. The orders set aside a residence to Mrs. Koch, divided the household goods and furnishings, set aside certain vehicles to the parties and provided for the discharge of debts.

Mrs. Koch died September 16, 1978. It was much in dispute whether there was a reconciliation between the parties prior to her death. The evidence did show that the parties lived in separate residences until Mrs. Koch died.

■ The issue is whether the parties were legally separated at the time of Mrs. Koch's death. The term "legally separated" as used in the insurance policy is not specifically defined in the policy, nor have we found a Texas case that defines the term. Therefore, this court must ascertain the meaning of the term, and in doing so we resort to the usual rules of construction.

First, as stated by the court in *Employers Mutual Casualty Company of Des Moines, Iowa v. Nelson*, 361 S.W.2d 704 (Tex.1962):

> Although contracts of insurance are said to be construed strictly in favor of the insured, nevertheless they are to be construed generally as other contracts, in that unambiguous words and phrases are to be taken in their ordinary meaning unless there is something in the contract that would indicate a contrary intention.

The court in *Ramsay v. Maryland American General Insurance Company*, 533 S.W.2d 344 (Tex.1976):

> With no definition in the policy, we must first determine whether the term has a readily ascertainable meaning in the plain, ordinary and popular sense of the words themselves. When terms of an insurance policy are unambiguous, they are to be given their plain, ordinary and generally accepted meaning unless the instrument itself shows that the terms have been used in a technical or different sense.

As stated by the court in *Liberty Mutual Insurance Company v. American Employers Insurance Company*, 556 S.W.2d 242 (Tex. 1977):

An interpretation that gives a reasonable meaning to all provisions is preferable to one that leaves a portion of the policy useless, inexplicable, or creates surplusage.

Since the policy in issue was not specifically drafted for Texas but was intended for use in every state that Pilot Life is authorized to do business, the words "legally separated" should not be considered only on the basis of Texas law which does not recognize legal separation. The meaning of the words have been examined by both state and federal courts in cases in which the decision turns on whether a party is legally separated for insurance and tax purposes. *Kau v. Bennett*, 91 N.M. 162, 571 P.2d 819 (App.1977); *Ainsworth v. Association Life Insurance Company, Inc.*, 325 So.2d 708 (La.App.1976); *Weinkrantz v. Weinkrantz*, 129 N.J.Super. 28, 322 A.2d 184 (1974); *Commissioner of Internal Revenue v. Rankin*, 270 F.2d 160 (3d Cir. 1959); *Palmquist v. United States*, 284 F.Supp. 577 (D.C.N.D.Cal.1967). All such cases are concerned with final judgments and decrees. We have not cited, nor have we found, a single case where a court has held that a temporary order, as distinguished from a final judgment or decree, is a legal separation.

The Texas Supreme Court in *Ramsay*, supra, said:

It is a settled rule that policies of insurance will be interpreted and construed liberally in favor of the insured and strictly against the insurer, and especially so when dealing with exceptions and words of limitation. *Providence Washington Ins. Co. v. Proffitt*, 150 Tex. 207, 239 S.W.2d 379 (1951). When the language of a policy is susceptible of more than one reasonable construction, the courts will apply the construction which favors the insured and permits recovery. *Continental Cas. Co. v. Warren*, 152 Tex. 164, 254 S.W.2d 762 (1953); *Lloyd's Casualty Insurer v. McCrary*, 149 Tex. 172, 229 S.W.2d 605 (1950); *United Service Automobile Ass'n v. Miles*, 139 Tex. 138, 161 S.W.2d 1048 (1942).

We hold therefore, that a reasonable construction of the policy language, "unless you were legally separated or divorced," means finality of judgment. The trial court correctly granted the judgment notwithstanding the verdict because a directed verdict should have been granted, and the special issue is immaterial.

 Pilot Life urges that the ultimate or controlling issue raised by the pleadings and evidence in the case was whether Mr. and Mrs. Koch were "legally separated" on the date of her death and that the court erred in not submitting such issue. We disagree. Such an issue would have required the jury to determine the legal effect of the temporary order as well as to construe the insurance contract. This court held in *Wirtz v. Orr*, 533 S.W.2d 468 (Tex.Civ.App.—Eastland 1976, writ ref'd n. r. e.), that a jury may not be called upon to construe the legal effect of an instrument.

We have considered and overrule all points of error. It is, therefore, unnecessary to consider the cross-points of appellee.

The judgment is affirmed.