34 P.(2d) 295

NEW MEXICO STATE HIGHWAY DE-
PARTMENT et al. v. BIBLE.

No. 3890.

Supreme Court of New Mexico.

March 27, 1934.

Rehearing Denied July 10, 1934.

J. C. Gilbert, of Roswell, for plaintiffs in error.

J. D. Atwood and H. C. Buchly, both of Roswell, for defendant in error.

BICKLEY, Justice.

Defendant in error as plaintiff sued plaintiffs in error as defendants, and will hereafter be referred to as plaintiff and defendants. The suit was to recover workmen's compensation, the plaintiff claiming total disability resulting from a permanent injury received while employed by the defendant New Mexico State Highway Department (Commission). Judgment was for plaintiff against defendants for the relief prayed, including $250 attorneys' fees for prosecuting claim, in the district court allowed as a part of the costs. Defendants appealed and rely upon the following points for reversal.

"First Point. The trial court erred in holding that the posterior process of the third and fourth cervical vertebrae of plaintiff's neck was injured and that said injury was permanent in its nature, resulting in the total

disability of the plaintiff and preventing plaintiff from pursuing any gainful occupation of any kind whatsoever.

"Second Point. That even if the plaintiff is totally and permanently injured, he is not entitled to recover attorney fees because Section 156-122, New Mexico Statutes Annotated, Compilation 1929, is in violation of the Due Process Law provisions of the Fifth and Fourteenth Amendments to the Constitution of the United States and of the similar provision of article 2, section 18 of the Constitution of New Mexico, and is also in violation of article 4, section 26 of the Constitution of New Mexico, prohibiting the legislative grant of special rights, franchises, privileges, immunities, or exceptions.

"Third Point. The State Highway Commission of New Mexico is not a proper party defendant and cannot be sued. This being in reality a suit against the State of New Mexico, which cannot be sued without its consent."

Among the court's findings of fact, appears the following: "Said injury being permanent in its nature and resulting in a total disability of plaintiff and thereby preventing plaintiff from pursuing *any gainful occupation of any kind whatsoever.*" (Italics ours.)

This is the finding attacked in the argument of defendants under their first point. They say: "We think this case should be reversed for the reason that the plaintiff failed to prove by *preponderance of evidence* (italics supplied) that he is totally disabled and prevented from pursuing any gainful occupation of any kind whatsoever."

We do not undertake to weigh the evidence to determine where the preponderance of the evidence lies. Review of judgment under Workmen's Compensation Act (Comp. St. 1929, § 156-101 et seq.) is limited to correction of errors of law. De Lost v. Phelps-Dodge Corp., 33 N. M. 15, 261 P. 811. We discover that the finding is supported by substantial evidence, and therefore do not disturb it. Defendants further contend that the trial court erred in applying the law to the facts, contending further that under the weight of authority, if the injured employee is able to do work of a light nature, he cannot be said to be totally disabled. Without here expressing an opinion as to what the correct rule is, it is sufficient to say that the finding of the court does not evince an ignoring of the contention of the defendants. It indicates that the court thought the facts did not bring the case even within the rule contended for by defendants. The view of the court as to the facts found is reflected further in the colloquy:

"Col. Atwood: Just a minute. Do I understand the question to state the work of the kind he testified he was doing, or the other work. Do you, by your question mean that this work he had been doing caused this pain?

"The Court: I take it he was enumerating the kind of work the Plaintiff testified he was doing since his injury; or that he tried to do. *He testified he could not do any.*" (Italics supplied.)

It is true the record contains testimony of plaintiff and others as to his efforts at doing light work which were invariably attend-

ed with painful and unfortunate after effects. We do not regard this testimony as impairing the court's finding.

On the question of permanency of injury, defendants say: "While it is not required that definite proof be furnished that the condition continue until death, it should be shown from all the facts available and under consideration at the time the decision is being reached, it should appear that there is no likelihood of any change for the better in the condition which is then found to exist."

Even so viewing the matter, we conclude that the court's finding is supported by substantial evidence.

■ As we understand the second point of defendants, it presents the proposition that the clause of section 156-122, Comp. St. 1929, making provision for allowance of a reasonable attorney's fee in case the claimant is compelled to resort to court proceedings to collect his claim, is unconstitutional as being repugnant to the equal protection and the due process clauses of the Federal Constitution and corresponding clauses of the New Mexico Constitution (Const. U. S. Amend. 14; Const. N. M. art. 2, § 18).

These contentions and the arguments advanced by defendants in support thereof were satisfactorily answered in Missouri, K. & T. R. Co. v. Cade, 233 U. S. 642, 34 S. Ct. 678, 58 L. Ed. 1135, and also in a degree answered by the territorial Supreme Court in Genest v. Las Vegas Masonic Bldg. Ass'n, 11 N. M. 251, 67 P. 743, which was approved in Gray v. New Mexico Pumice Stone Co., 15 N. M. 478, 110 P.

603, holding constitutional a lien statute providing for allowance of attorneys' fees.

■ As to the third point, we are disposed to agree with the contention of defendant highway commission that a suit against the state highway commission is virtually a suit against the state. This point that the state cannot be sued without its consent and that its consent has not been given was raised in the trial court and here solely on behalf of the defendant state highway commission. As to this, our decision is controlled favorably to the contention by Dougherty v. Vidal, 37 N. M. 256, 21 P.(2d) 90.

From all of the foregoing, it appears to have been error to render judgment against the defendant New Mexico Highway Commission, and the same is reversed, and that the judgment against the defendant Commercial Casualty Insurance Company should be affirmed, and it is so ordered.

The question of allowance of attorneys' fees to plaintiff in this court presented informally in his brief and not argued extensively by either party, we reserve for consideration upon hearing of this matter alone, when and if presented seasonably.

On Motion for Rehearing and Motion of Defendant in Error for Allowance of Additional Attorney's Fees.

This case now comes on for further consideration upon motion of plaintiff in error for rehearing and upon motion of defendant in error for allowance of additional attorney's fees for services rendered the injured work-

man in the Supreme Court, under the provisions of the Workmen's Compensation Act.

We have carefully considered the motion for rehearing and the argument in support thereof, and find it to be without merit.

On the question of attorney's fees, the court has been aided by argument of counsel for the parties and by Mr. Caswell Neal as friend of the court.

It is conceded that this court has no inherent power to allow such additional fees, and that, in the absence of statutory authority to do so, this court has no such power.

In support of his motion, defendant in error points to the following provision of section 156-122, Comp. St. 1929, as follows:

"It shall be unlawful for any person or any number of persons acting together or separately or in any way, including attorneys, agents, interpreters, and all other persons, to receive or agree to receive either directly or indirectly from any beneficiary or beneficiaries under this act, for services rendered or to be rendered, either jointly or separately, in relating to procuring any benefit or benefits under this act, any sum or sums aggregating more than five per centum of the whole amount received or to be received by such beneficiary or beneficiaries on account of injuries to any workman.

"Provided, that where compensation, to which any person shall be entitled under the provisions of this act, shall be refused, and the claimant shall thereafter collect compensation through court proceedings in an amount in excess of the amount tendered by the employer prior to the court proceedings, then the compensation to be paid the attorney for the claimant may be increased at the discretion of the court trying the same, to such amount as the court may deem reasonable and proper, and such amount when so allowed by the court, shall be paid by the employer in addition to the compensation allowed the employee under the provisions of this act."

Upon the proper construction of the language employed in the second paragraph of the foregoing quoted provisions depends our decision.

We agree with counsel for defendant in error and amicus curiæ that the determination of whether the employer is liable to the injured workman for the compensation which the workman claims is a "proceeding," both in the district court and in the appellate court, but we hold that the statutory authority to allow additional attorney's fees is reposed in "the court trying (the cause)" alone.

By long usage we are accustomed to distinguish between the Supreme Court and "the trial court." We sometimes say the district court or the lower court, but more frequently the "trial court," when referring to the district court.

The article on trials, occupying almost an entire volume of C. J., discusses many of the incidents of a trial as we understand it, including reception of evidence, taking case or question from jury, instructions to the jury, conduct of jury, etc., verdict, and findings of jury, and also trial by court, in which is discussed many phases of such trial, including "findings of fact and conclusions of law."

There is no intimation in this article that a "determination of the cause on appeal" is a trial. We are to review in many or most instances the conduct of a trial already had.

In a sense it might be said "a determination of the cause on appeal" is a new trial upon the record as presented by the transcript. But it is not, we believe, the sense in which the phrase was used in the statute in question. The word "trial" ordinarily includes nothing beyond proceedings in the court in which the case originated, except where there is a trial de novo after appeal. People v. McKamy, 168 Cal. 531, 143 P. 752, 754.

■ "The fundamental idea of the word 'appeal,' which necessarily involves the idea of a review of the proceedings had in a trial which has already been had, and not a new trial of the case. * * * An appeal is no part of the trial, * * * [so] that the clause * * * of the constitution saving the right of appeal to a defendant convicted before a trial justice cannot have the effect of securing * * * the right to a trial by a jury." State v. Williams, 40 S. C. 373, 19 S. E. 5, 7.

■ Section 156-113, Comp. St. 1929 (Workmen's Compensation Act), contemplates a jury trial of the cause, if either plaintiff or defendant demands a jury trial.

We think the Legislature when providing for the allowance of additional attorney's fees "by the court trying (the cause)" alluded to a court in which a jury trial might be had and not to the Supreme Court.

The fundamental idea of the word "appeal," without reference to any particular statute, involves the idea of a review of the proceedings in a trial which has already been had. In re Gruber, 89 Okl. 148, 214 P. 690, 692.

In the rules of appellate procedure it is not uncommon to find the district court referred to as the "trial court" (see pages 9, 11, and 19), and the district judge is referred to as the "trial judge" (page 11). These terms are used to distinguish the district court and the judges thereof from the Supreme Court and its justices.

The motion of plaintiff in error for rehearing is denied, and motion for additional attorney's fees is overruled, and it is so ordered.

WATSON, C. J., and SADLER, HUDSPETH, and ZINN, JJ., concur.