206 A.2d 639.

ANTONIO CAPALDI *vs.* LIBERTY TOOL & GAGE WORKS, INC.

ANTONIO CAPALDI *vs.* LIBERTY TOOL & GAGE WORKS, INC.

FEBRUARY 5, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

ROBERTS, J. This is an employee's motion for the award of a counsel fee by the workmen's compensation commission pursuant to the provisions of G. L. 1956, §28-35-32, wherein he alleges the successful prosecution of a petition for compensation within the purview of that statute. The commission denied and dismissed the motion, and from its order to that effect the employee has prosecuted an appeal to this court.

It appears that on April 15, 1963 the employee filed a petition claiming compensation for total loss of earning capacity and for specific compensation for the loss of use of his left great toe. The petition was heard by a trial commissioner, who on November 8 entered a decree denying compensation for the loss of earning capacity but awarding the specific compensation sought. The employee prosecuted an appeal to the full commission, and after hearing a decree was entered affirming the decree of the trial commissioner.

From that decree the employee appealed to this court, and at our direction the full commission subsequently entered a decree awarding both specific compensation and compensation for the loss of earning capacity. Thereupon the employee filed the instant motion with the full commission, seeking a fee for services performed by his counsel in the prosecution of his appeal from the trial commissioner

to the full commission. The employee's contention, as we understand it, is that, having successfully prosecuted a petition for compensation within the purview of the statute, he is entitled to a counsel fee for services performed before the full commission.

In its decision the full commission discloses its view that the statutory provision contemplates an award of counsel fees to "employees who successfully prosecute petitions for compensation" and its conclusion that "This petitioner was not successful before the Full Commission." It is clear that the motion was denied on the basis of this finding, but from the decision of the commission we are unable to ascertain the precise ground upon which it denied the motion. It is our opinion that no useful purpose would be served by speculating with respect thereto, for it is clear that the issue raised requires us to ascertain the legislative intent in enacting §28-35-32.

In pertinent part it provides for the award of costs, including counsel fees, "to employees who successfully prosecute petitions for compensation, petitions for medical expenses, petitions to amend preliminary agreements and all other employee petitions, except petitions for lump sum commutation, and to employees who successfully defend, in whole or in part, petitions for review filed by employers." The legislature has thus conferred upon employees an additional or supplemental benefit when, in order to obtain compensation or to defend against its diminution or termination, they are required to procure the services of counsel. The legislature then in the same section prescribed procedures for the assessment and award of such counsel fees as follows: "Such costs shall be assessed against the employer by a single commissioner, by the full commission on appeal and by the supreme court on appeal consistent with the services rendered before each tribunal and shall be made a part of the decree."

It is the duty of the court in interpreting statutes to

ascertain the legislative intent as disclosed in the terms thereof and, if reasonably possible, to give effect to such intent. *Larochelle* v. *Hickory House, Inc.*, 80 R. I. 334, 340. It is clear from the terms of the instant statute that the legislature intended to confer upon injured employees an additional benefit in the form of counsel fees when litigation undertaken to obtain compensation therefor terminates finally in an award. Nothing in the statutory language warrants concluding that the legislature intended to confer this benefit upon claimants who prevail on such a petition at one stage of the procedures prescribed for litigating such petitions. It is clear that the legislature contemplated finality in prescribing successful prosecution of petitions for compensation as the condition upon which the right to such counsel fee is predicated.

When a legislative enactment is free from ambiguity and expresses a plain and sensible meaning, such meaning will be presumed conclusively to be that intended by the legislature in its enactment. *Weimar* v. *Newman*, 78 R. I. 221, 226. It is true that the statute as enacted provides for the assessment of such counsel fee against the employer "by a single commissioner, by the full commission on appeal and by the supreme court on appeal * * *." We do not perceive, however, that such provision authorizes the award of a fee for partial success in the prosecution of a petition. Rather such fees are to be assessed and awarded by the tribunal which entered the decree that terminated the prosecution of the petition successfully for the petitioner. This view of the legislative intent is, in our opinion, entirely consistent with the requirement that the compensation be construed liberally and so as to give effect to its humanitarian purposes. *Martin's Furniture Co.* v. *Perry*, 79 R. I. 199.

Persuasive of the soundness of this view as to the legislative intent being that the prosecution of the petition for compensation must be not only successful but final to entitle the employee to the award of a counsel fee is the fact

that under §28-35-33 an appeal from a decree of a trial commissioner to the full commission stays the operative effect of such decree until the appeal is heard and determined. It is obvious that unless a decree of a trial commissioner awarding compensation to the employee remains unappealed, the employee's entitlement to such a fee will not vest until the appeal is heard and determined successfully. While an appeal to this court will not similarly stay the operative effect of a decree of the full commission, it is settled that this court may, in appropriate circumstances, stay such a decree pending a resolution of the issues raised on such an appeal. See *Girard* v. *United States Rubber Co.*, 84 R. I. 319. We will not presume that the legislature did not know of the effect of that statute or of the relevant decisions of this court on the employee's entitlement to an award of a counsel fee in enacting the pertinent part of §28-35-32.

This does not mean, however, that the statute prohibits the assessment of a counsel fee by a tribunal other than that in which the litigation successfully terminated. To the contrary, it is our opinion that the statutory provision directing that such fee be assessed consistently with the services performed before each tribunal must be viewed as conferring discretion upon the tribunal in which the litigation terminated to remand, in appropriate cases, to a subordinate tribunal for the assessment of a fee consistent with the services therein performed. Thereafter, the remanding tribunal may consider the character and extent of the services rendered before other tribunals in assessing the fee to be awarded and set out in its final decree. It may be that this procedure for ascertaining the amount of the fee to be awarded may at times become involved, but it is the procedure for which the legislature has provided.

We are of the opinion then that the entitlement of an employee to the counsel fee contemplated therein upon his successful prosecution of a petition for compensation will

not be deemed lost or waived by reason of any failure to strictly comply with the provisions thereof relating to its assessment or its inclusion in any particular decree. This we have already held, if not in express terms, at least by clear implication in *Drake Bakeries, Inc.* v. *Butler,* 94 R. I. 84, 185 A.2d 108, and *United States Rubber Co.* v. *Marino,* 97 R. I. 142, 196 A.2d 169.

We are aware of respondent's contention that only by requiring strict compliance with the procedural provisions of the statute for assessing such counsel fees will interminable litigation concerning an employee's entitlement to such fees be avoided. We note, however, that such a consequence will not follow liberal interpretation of these provisions and compliance therewith, for it is clear from the language of the statute that the right to the award of counsel fees is predicated upon the successful prosecution of petitions for compensation and not for successfully prosecuting a motion for a counsel fee.

Because of the peculiar circumstances of the instant cause we are persuaded that a remand is proper. It is clear from the record that when the respondent's appeal was heard in this court, the respondent assented to an award of compensation without pressing its contentions as to the lack of merit in the employee's claim and thus, in effect, withdrew or abandoned its appeal. In brief, we are persuaded that as a practical matter we should consider that the petitioner's prosecution of his claim for compensation terminated at the hearing before the full commission. In such circumstance it is our opinion that the cause should be remanded to the full commission with direction that a fee be assessed pursuant to the statute and that a decree be entered awarding such fee to the petitioner.

The appeal of the petitioner is sustained, the order appealed from is reversed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Abedon, Michaelson & Stanzler, Richard A. Skolnik,* for petitioner.

*Worrell and Hodge, Eldridge H. Henning, Jr.,* for respondent.