232 A.2d 593.

MARY TIROCCHI *vs.* UNITED STATES RUBBER COMPANY.

AUGUST 4, 1967.

618

KELLEHER, J. This is an employee's motion for the award of a counsel fee filed in this court pursuant to the provisions of G. L. 1956, §28-35-32, as amended, wherein she alleges the successful prosecution of a petition for compensation within the purview of that statute. Her petition for compensation was before us in *Tirocchi* v. *United States Rubber Co.*, 101 R. I. 429, 224 A.2d 387, where we held that the workmen's compensation commission erred when it denied one portion of her petition in which the employee sought specific compensation for the permanent uselessness of her hands resulting from the loss of certain of her fingers. We did, however, affirm the commission's denial of the other portion of her petition when we ruled that the workmen's compensation act does not require an employer to provide the employee with a house helper to assist her with the household and personal tasks which she cannot perform for herself.

Accompanying the instant motion was an affidavit executed by employee's counsel in conformance with this

court's provisional order No. 5[1] wherein he discloses that he has received the sum of $350 from the employee as a retainer in this action. Counsel's affidavit states that he expended $111 of this money for the typing and mimeographing of the briefs which he submitted to us on his client's appeal. In his statement of services rendered, which was submitted in support of the motion, counsel stated that this money was paid him as a retainer for the prosecution of the appeal to this court from the adverse decision of the compensation commission.

The issues raised by this motion are twofold: (1) may a counsel fee be awarded where an employee has attained only partial success in prosecuting her petition for benefits under the compensation act, and (2) may an attorney who has accepted a fee from an employee be awarded a counsel fee provided for in the statute.

The answer to the first issue is no longer in doubt. In *Palumbo* v. *United States Rubber Co.*, 102 R. I. 220, 229 A.2d 620, we held that a counsel fee shall be awarded in the instances provided for in the statute notwithstanding the fact that the employee's success in prosecuting his petition may be partial rather than total. Employee's motion therefore is properly before us.

A reply to the second issue posed herein involves a construction of the statute which, since its amendment in 1961, has afforded an employee an opportunity to have his at-

---

[1]"Provisional Order No. 5.
"Motions For The Award Of Fees In Workmen's Compensation Proceedings
"A. All motions for the award of counsel or witness fees authorized by the provisions of G. L. 1956, §28-35-32, shall be filed in the office of the Clerk accompanied by seven copies thereof and shall contain a statement setting out the amount of the fee claimed and disclose with reasonable particularity the nature of the services actually performed and the time involved in the performance thereof; and an affidavit executed by counsel for the employee, stating that he has not accepted and that he will not accept any other or additional fees for the services he rendered in connection with the particular petition."

torney awarded a fee to be paid for by the employer. The pertinent portion of §28-35-32, as amended, which concerns us here reads as follows:

> "* * * In proceedings under said chapter, costs shall be awarded, including counsel fees and fees for medical and other expert witnesses, to employees who successfully prosecute petitions for compensation, petitions for medical expenses, petitions to amend preliminary agreements and all other employee petitions, except petitions for lump sum commutation * * *. No employee's attorney shall accept any other or additional fees for his services for the particular petition for which the fees are awarded in each tribunal."

It is employee's contention that this statutory prohibition against the acceptance of a fee is prospective and applies only after the appropriate tribunal has awarded her attorney a fee. The employer takes a position that the payment of the $350 bars the allowance of any fee for the services an attorney has performed for an employee in any of the tribunals which have considered the petition. We disagree with both of these contentions.

Any fee due an employee's attorney which is to be assessed as part of the costs due from an employer must find its basis in the statute, and this legislative sanction may not be extended beyond the terms and plain implications of the statute. We first considered the provisions of §28-35-32, as amended, in *Gomes* v. *Bristol Mfg. Corp.*, 95 R. I. 126, 184 A.2d 787, where we upheld the constitutionality of this section. There this court described, as a reasonable belief, its assertion that in affording to an employee this unique method of providing compensation to his attorney at his employer's expense, the legislature had considered the financial standing and resources of the average employee and those of the average employer. Thereupon, in its wisdom it placed the burden of the attorney's fees upon the side better able to bear them. Otherwise we said it was conceivable any weekly sums due an employee would be

unwarrantedly lowered by the amount of the employee's costs and fee due his attorney.

What we said in *Gomes* in 1962 is just as true today. The moneys paid an employee as weekly compensation benefits are intended to ease the economic impact a period of disability brings upon a worker and his family. It takes no great stretch of the imagination to realize that this financial trauma is increased immeasurably if the employee must pay from his compensation benefits an attorney for services rendered him in proceedings concerning the workmen's compensation act.

We considered the provisions of this section once more in *Capaldi* v. *Liberty Tool & Gage Works, Inc.*, 99 R. I. 236, 206 A.2d 639, and declared that while the statute contemplates the award of a fee upon the final success of a petition of an employee, it does not prohibit the assessment of a counsel fee by a tribunal other than that in which the litigation is successfully terminated. The tribunal in which the litigation concludes may, if it deems it appropriate, remand the case to a subordinate tribunal for the assessment of a fee consistent with the services performed before it. This action would be consistent with the language of this section which provides for the assessment of a counsel fee against an employer "* * * by a single commissioner, by the full commission on appeal and by the supreme court on appeal * * *."

It is our opinion that the general assembly, in providing for the award of counsel fees in workmen's compensation proceedings, intended that any remuneration received by a prevailing employee's attorney would be derived solely and exclusively from the unsuccessful employer. It was not the purpose of this legislation that an attorney be paid by both the employer and employee, and in furtherance of its design in this area the legislature specifically provided that an attorney should not accept any other or additional fee

for services he may render in any one of the tribunals which is considering a petition and may, as a consequence of its deliberations, assess a counsel fee. The legislature chose its language carefully. The phrase "any other or additional fees" is all inclusive and encompasses within its prohibition any moneys paid at any time to an employee's attorney.

The record in this cause shows that the trial commissioner in his decree provided for the award of a counsel fee of $125. The employer's appeal to the full commission, however, stayed the effect of the trial commissioner's finding. The full commission sustained employer's appeal and consequently it made no provision for the award of a fee. It was after the employer was notified of the commission's action that employee's attorney received the $350 retainer. Although a portion of this money was expended in the mechanical preparation of employee's brief, it is unquestioned that the balance was used as a retainer for her attorney's efforts on her appeal before this court.

Although employee did achieve a degree of success before us on her appeal from the commission's complete denial of her petition which should mandate the assessment and award by us of a counsel fee, at least for the work performed during her appeal, we cannot take such action. Employee's counsel, in our opinion, has received an "other" fee as set forth in the statute. Because he has, in good faith to be sure, received a fee for the services he has so ably rendered on the appeal here, we are foreclosed from awarding any fee for the services he rendered employee in this court. Although counsel may be reimbursed for his work before the commission and the trial commissioner, we are unable to assess and award any fees for his services in this regard because his statement of services rendered, which shows the amount of time he has expended in employee's behalf, does not allocate his efforts before the full commission with sufficient specificity so as to enable us to make a proper determination in this regard.

The employee's motion is denied in part and granted in part. So far as it pertains to a counsel fee for services rendered here, the motion is denied. It is granted, however, for that portion which concerns her attorney's efforts which were expended in the subordinate tribunals. We remand this cause to the workmen's compensation commission with direction to assess and award a counsel fee in accordance with this opinion.

*Temkin, Merolla & Zurier, Amedeo C. Merolla,* for petitioner.

*Carroll, Kelly & Murphy, Ambrose W. Carroll,* for respondent.