**PEABODY GALION CORPORATION and CNA/Insurance, Petitioners,**

v.

**Gary Eugene KROPP, Respondent.**

**No. 55526.**

Supreme Court of Oklahoma.

Feb. 8, 1983.

---

Barbara M. Tracy, Pierce, Couch, Hendrickson, Johnston, Baysinger & Amis, Oklahoma City, for petitioners.

Richard A. Bell, Norman, for respondent.

SIMMS, Vice Chief Justice:

This case presents two issues for review: (1) After filing of petition for certiorari in the Supreme Court, was the Court of Appeals divested of authority to issue an order awarding attorney fees to respondent? (2) Does 85 O.S.1981, § 30 provide that the Court of Appeals may award additional attorneys' fees?

The Workers' Compensation Court originally found that respondent, Gary Kropp, suffered an occupational disease with 3% permanent partial disability to his respiratory system. On appeal, the Workers' Compensation Court en banc modified the trial court's order by increasing the award to 15% permanent partial disability. The Court of Appeals, Division II, affirmed the en banc decision.

Following the Court of Appeals opinion of June 23, 1981, respondent sought allowance of an additional attorney fee on appeal. Petitioners sought rehearing which was denied July 12. On July 16, petitioners were directed by the Court of Appeals to respond to the motion for attorneys fees. Meanwhile, petitioners employer and insurance carrier filed a petition for certiorari which was granted on the issue of the proper evidentiary standard of review by the Workers' Compensation Court en banc. On August 11, 1981, after the petition for certiorari was filed, the Court of Appeals responded to the motion for attorneys' fees by entering an award for $1,250.

The issue of attorney fees arose before our Court when we ordered respondent to show cause why the Court of Appeals had the authority to enter its order. Because the parties entered into a settlement on July 29th, 1982, without prejudice to the attorney fee issue, our review is limited to the same.

Respondent points to Supreme Court Rules Governing Practice and Procedure in the Court of Appeals, Rule 3.20 on costs in support of the Court of Appeals' order of August 11: "Unless otherwise directed by the Supreme Court in a case decided by the Court of Appeals, requests for post-decisional relief filed (after petition for rehearing has been denied) shall be considered by the Supreme Court." We do not agree.

Title 85, O.S.1981, § 30 specifically treats the subject of taxing of attorney fees as costs in a workers' compensation proceeding:[1]

"If the Court before which any proceedings for compensation or concerning an award of compensation have been brought, under the Workers' Compensation Act, [fn. omitted] determines that

---

1. Since the order granting certiorari, a new general statute, effective June 2, 1982, was enacted covering additional attorney fees on appeal:

"On any appeal to the Supreme Court, the prevailing party may petition the Court for an additional attorney fee for the cost of the appeal. In the event the Supreme Court or

its designee finds that the appeal is without merit, any additional fee may be taxed as costs." 20 O.S.Supp.1982, § 15.1.

We need not address this statute as the order of the Court of Appeals awarding attorney fees was entered prior to the enactment of the statute.

such proceedings have not been brought on a reasonable ground, or that denial of benefits has not been based on a reasonable ground, the Court shall assess the total cost of the proceedings on the party, who has brought them or the party who has unreasonably denied payment of benefits. Claims for services or treatment rendered or supplies furnished pursuant to Section 14 of this title shall not be enforceable unless approved by the Court. If approved, such claim shall become a lien upon the compensation awarded, but shall be paid therefrom only in the manner fixed by the Court. A claim for legal services shall be determined by the Court on a quantum meruit basis; provided, that such claim shall not exceed ten percent (10%) of the amount of the award for temporary disability and shall not exceed twenty percent (20%) of the amount of the award for permanent disability or death benefits. Claims for legal services for temporary disability awards shall be paid periodically. Claims for legal services for permanent partial disability awards may be paid in a lump sum the same to be deducted from the end of the award. Claims for legal services for permanent total disability awards or death awards may be paid in a lump sum which shall be deducted from the periodic compensation payments at a rate of ten percent (10%) per payment until the attorney fee is satisfied."

■ Not only is there no language employed in the statute regarding appellate awards of attorney fees, but 85 O.S.1981, § 3, defines the word "court" as used throughout the Act to mean "The Workers' Compensation Court." As we construe the statute, then any claim for legal services must be brought before the trial court.[2] Our construction is consistent with the "American rule" followed in Oklahoma that attorneys' fees are not allowed in the absence of a statute or specific contractual authority or where they are considered part of the damages suffered by a party. *City National Bank & Trust v. Owens,* Okl., 565 P.2d 4 (1977); *Hanska v. Hanska,* Okl., 395 P.2d 648 (1964).[3] The American rule seeks to maintain freedom of access to the courts by requiring both parties to pay their own attorneys' fees.

We continue to follow this basic principle and the dictates of the Workers' Compensation Act in finding that the Court of Appeals had no authority to enter an order for attorney fees in the case at bar.

■ The question of attorneys' fees in a workers' compensation case is within the exclusive jurisdiction of that court. *Becknell v. State Industrial Court,* Okl., 512 P.2d 1180 (1973).[4]

Order of the Court of Appeals, Division II, Awarding Attorney Fees on Appeal, is VACATED.

BARNES, C.J., and IRWIN, LAVENDER, DOOLIN and OPALA, JJ., concur.

HODGES, HARGRAVE and WILSON, JJ., dissent.

---

2. The findings of the Workers' Compensation Court can, of course, be reviewed on appeal. See, *Davis v. Gustine Construction Company,* Okl., 445 P.2d 260 (1968):

> "The State Industrial Court has exclusive jurisdiction over the allowance of fees to attorneys appearing before it, the allocation and division of fees between attorneys where several attorneys are involved in one proceeding and the amount to be allowed. Its findings on this matter will not be disturbed by this Court on appeal in the absence of a clear abuse of discretion."

In the case at bar, at issue is the power of the appellate court to award *additional* attorneys' fees on appeal.

3. There are, of course, exceptions to the general principle that absent a contract or statute authorizing an award of attorney fees, a court may not award them. *State, ex rel., Burk v. City of Oklahoma City,* Okl., 598 P.2d 659 (1979); *Matter of Estate of Katschor,* Okl., 637 P.2d 855 (1981).

4. Other states which have allowed attorneys' fees on appeal from the Workers' Compensation Court have done so because of specific statutory authority. See, *Beaudry v. Winchester Plywood Co.,* 255 Or. 503, 469 P.2d 25 (1969); *M.B. Contracting Co. v. Davis,* Alaska, 399 P.2d 433 (1965); *Shahan v. Beasley Hot Shot Service, Inc.,* 91 N.M. 462, 575 P.2d 1347 (App.1978).