Alvin STONE

v.

STATE of Rhode Island.

No. 83–581–Appeal.

Supreme Court of Rhode Island.

June 19, 1986.

Raul L. Lovett, Lovett, Schefrin & Gallogly, Ltd., Providence, for petitioner.

Arlene Violet, Atty. Gen., Richard B. Woolley, Asst. Atty. Gen., for respondent.

## OPINION

MURRAY, Justice.

This case involves an appeal by Alvin Stone (employee) challenging a decree of the Workers' Compensation Commission (commission) that failed to award him a counsel fee. The sole issue before this court evolved from the following facts.

On January 7, 1982, the employee, while during the course of his employment as a manual instructor at the Ladd School, sustained a back injury when he attempted to restrain a patient. Pursuant to this mishap, on January 23, 1982, the employee entered into a preliminary agreement for workers' compensation benefits with the State of Rhode Island (employer). The terms of the agreement described the nature and location of the injury as "pain in lower back."

On November 3, 1982, the employee filed a petition to review the aforementioned agreement with the commission. In his petition, the employee contends that the agreement was procured by fraud, coercion, or mutual mistake and that it does not accurately and completely describe the nature and location of his injuries. With respect to this last allegation, the employee asserted that the description of his injury in the agreement should be amended to read: "[P]ain in lower back and patient assault, herniated lumbar disc disease."[1]

A hearing was held before the trial commissioner from September 24, 1982, to February 21, 1983. After reviewing the evidence before her, the trial commissioner determined that the employee had proven that the work-related injury of January 7, 1982, resulted in the development of the employee's herniated lumbar-disc disease. In accordance with this conclusion, the agreement was amended to read as follows: "[P]ain in lower back, herniated lumbar disc disease." The trial commissioner, however, refused to amend the description of the injury to include the phrase "patient assault" because the employee had failed to establish that his initial incapacitation of January 7, 1982, and resultant physical difficulties were caused by such an assault.

Unsatisfied with this decision, the employee appealed to the appellate commission. The employee alleged that the decree of the trial commissioner is erroneous because the evidence clearly establishes that the employee had sustained injuries as a result of a patient assault. Alternatively, the employee argued that the trial commissioner lacked subject-matter jurisdiction to determine whether a patient assault had occurred and that she therefore should not have considered the matter. The strategic basis for presenting these contradictory arguments, according to employee's counsel, was that in the event the full commission failed to reverse the trial commissioner's decision regarding the patient-assault issue on evidentiary grounds, the jurisdictional argument presented an alternative means for doing so, thereby preserving the determination of that issue for a more appropriate forum.

Following a careful examination of the record and the employee's allegations, the appellate commission began its discussion of the substantive issues by quoting in full the following pertinent statutory language:

"Decrees procured by fraud or otherwise.—The workers' compensation com-

---

1. The employee's petition for review also includes an allegation that the employer refused to provide or pay for necessary medical servic-

es. This claim, however, has no bearing on the issue presently before us.

mission may, upon petition of an employee, the dependents of a deceased employee, an employer, an insurance carrier, or any other party in interest, vacate, modify, or amend any final decree entered within a period of six (6) months prior to the filing of such petition, either by a single commissioner or by the full commission, if it shall appear that such decree (a) has been procured by fraud or (b) does not accurately and completely set forth and describe the nature and location of all injuries sustained by the employee. Such petition shall be served in the same manner as is provided for in chapters 29 to 38, inclusive, of this title, for all other petitions. The workers' compensation commission shall hear any and all such petitions and make its decision in accordance with the provisions of said chapters." G.L. 1956 (1979 Reenactment) § 28-35-61.

The appellate commission noted that the agreement being reviewed in this case was dated January 23, 1982. It then determined that since the employee's petition for review was filed on November 3, 1982, well after the six-month period mandated by § 28-35-61, the trial commissioner had no jurisdiction to address any issues regarding possible amendments to the agreement or its legality. In light of this determination, the employee's petition for review was denied and dismissed. Thereafter, on November 14, 1983, the employee appealed to this court, asserting that the appellate commission had failed to award him a counsel fee even though he had allegedly been successful in establishing that the trial commissioner lacked jurisdiction to consider the patient-assault issue.

When this court is asked to review the commission's findings, our role is limited to searching the record to see if there is any legal evidence to support those findings; if there is, those findings cannot be disturbed absent fraud.[2] *Monticelli v. Trifari, Krussman, & Fishel, Inc.*, 495 A.2d 994, 996 (R.I. 1985). Focusing upon the merits of the employee's contention, we find the language of § 28-35-32, as amended by P.L. 1982, ch. 32, art. 1, § 10, to be dispositive of this issue:

"Costs—Counsel and witness fees.— No fee shall be charged by the clerk of any court or by the administrator of the workers' compensation commission for the performance of any service required by this chapter, except for certified copies of decrees and copies of transcripts. *In proceedings under said chapter, and in proceeding under chapter 37 of this title, costs shall be awarded, including counsel fees and fees for medical and other expert witnesses including interpreters, to employees who successfully prosecute petitions for compensation, petitions for medical expenses, petitions to amend a preliminary order or memorandum of agreement and all*

---

**2.** In reviewing the record of this case, we have discovered that the issue of whether the employee is entitled to a counsel-fee award for services rendered on the appeal to the appellate commission was never raised before that tribunal. Moreover, the decree of the appellate commission does not contain a specific determination that the employee is not entitled to a counsel-fee award. Apparently, employee's counsel appealed to this court without first presenting the issue of his right to a fee to the appellate commission. The crux of the issue in the case at bar is whether the employee was successful in his petition for review before the appellate commission. Normally, whether an employee has successfully prosecuted his petition so as to warrant the award of a counsel fee is a question to be determined in the first instance by the commission. *Drake Bakeries, Inc. v. Butler*, 95 R.I. 143,

148, 185 A.2d 108, 110 (1962). Further, this court has in the past declined to address similar issues pertaining to an employee's entitlement to a counsel-fee award under G.L. 1956 (1979 Reenactment) § 28-35-32, as amended by P.L. 1982, ch. 32, art. 1, § 10, where the question of a fee was not presented initially to the commission below. *Cabral v. Hall*, 102 R.I. 320, 325, 230 A.2d 250, 253-54 (1967). In our considered judgment, however, it can be reasonably inferred from the appellate commission's decision to deny and dismiss the employee's petition that he was not awarded a counsel fee because he was unsuccessful in his appeal. Hence, notwithstanding the improper posturing of this issue before us, the decree of the appellate commission affords us a sufficient basis to reach the merits of the employee's claim.

*other employee petitions, except petitions for lump sum commutation, and to employees who successfully defend, in whole or in part, proceedings filed by employers."* (Emphasis added.)

Keeping in mind the above statute, the question of the employee's entitlement to a counsel fee in the instant case turns on whether he was successful on appeal in securing the desired objectives set forth in his petition for review. Clearly, he was unsuccessful in that endeavor. Moreover, by convincing the appellate commission that the trial commissioner had no jurisdiction to amend the agreement or review its legality, employee's counsel effectively had his own client's petition denied and dismissed in toto. Consequently, this allegedly successful jurisdictional argument negated the previously approved amendment to the agreement that the employee had secured before the trial commissioner. Granted, employee's counsel achieved his objective of preserving the determination of the patient-assault issue for a more appropriate forum, but such an achievement does not constitute a successful prosecution within the reasonable intendment of the statute so as to warrant the award of counsel fees to the employee. *See Mastronardi v. Zayre Corp.*, 120 R.I. 859, 867, 391 A.2d 112, 117 (1978) (employee's securement of stipulation agreement with employer during hearing before trial commissioner that required employer's insurance carrier to pay employee's prescription bills is not a successful prosecution under § 28–35–32), and *Picozzi v. Nugent*, 99 R.I. 398, 403–04, 208 A.2d 99, 102 (1965) (full commission's decision to reverse trial commissioner and award employee's medical witness a fee is not considered a successful prosecution within ambit of § 28–35–32). This court stated in *Capaldi v. Liberty Tool & Gage Works, Inc.*, 99 R.I. 236, 206 A.2d 639 (1965), that "[i]t is clear from the terms of the instant statute [§ 28–35–32] that the [L]egislature intended to confer

upon injured employees an additional benefit in the form of counsel fees when litigation undertaken to obtain compensation therefor terminates finally in an award." *Id.* at 239, 206 A.2d at 641. The *Capaldi* court went on to add that "the right to * * counsel fees is predicated upon the successful prosecution of petitions for compensation * * * ." *Id.* at 241, 206 A.2d at 642. The facts unequivocally illustrate that the employee was not successful in the case at bar since the appellate commission denied and dismissed his petition for review. The employee is therefore not entitled to a counsel-fee award under § 28–35–32.[3] *Lemoine v. Coby Glass Products Co.*, 115 R.I. 86, 89, 341 A.2d 40, 42 (1975), and *Peloquin v. ITT General Controls, Inc.*, 104 R.I. 257, 265, 243 A.2d 754, 758 (1968). As a result, the appellate commission did not err in failing to award the employee a counsel fee.

Relying on our above analysis, we deny and dismiss the employee's petition. We affirm the decision of the appellate commission and remand the papers to the said commission.

---

**3.** Referring to our discussion in note 2, *supra,* we emphasize for purposes of clarification that even if the appellate commission had granted the employee a counsel fee, we would have denied the award of such a fee for the same reasons as outlined above.